### UNITED STATES v. MALHAME & CO.

**No. 5335.**—Invoices dated Paris, France and Saumur, France, May 4, 1940 and December 28, 1939.
Certified May 8 and January 2, 1940.
Entered at New York June 24, 1940.
Entry Nos. 824211 and 824212.

(Decided June 26, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the plaintiff.
Defendants not represented by counsel.

TILSON, Judge: The two appeals listed above were filed by the collector of customs at New York seeking higher values for certain religious articles than those found by the appraiser. At the trial counsel for the plaintiff contended that when such or similar merchandise was sold in the home markets of France there was a 9 per centum and 1 per centum home consumption tax to which the merchandise was subject, and that these two taxes should be added to the appraised values in order to make proper export values.

The court has not been furnished with anything which purports to be a copy of any law levying a home consumption tax of 9 per centum and 1 per centum on such or similar merchandise when sold in France.

So far as this record shows, therefore, there was no law in France levying such taxes on this merchandise when sold in the home market.

If a law levying such taxes is in existence in France it would appear to be the duty of the plaintiff to furnish this court with some evidence of the same.

The two special agents' reports offered by counsel for the plaintiff are not sufficient to show that such or similar merchandise is ever sold in the home markets of France. The report marked exhibit 1 states in part, as follows:

*Evidence of Sales.*

The sales records were examined for the period December, 1938—January 1939, embracing several hundred sales, and only one sale could be found of merchandise comparable with that shipped to the United States,  *  *  *.

The above statement strongly indicates that plaintiff's own witness was not able to find any sales of such or similar merchandise to that here involved, since the number of the item referred to immediately following the above statement does not correspond to any of the item numbers on the invoices before me.

Counsel for the plaintiff appears to place considerable reliance upon the following statement appearing on the invoices:

I hereby certify that merchandise the same as or similar to that described in this invoice is freely offered for sale in France and is ordinarily sold for home consumption to purchasers classified for the purposes of the French Fiscal reform law as "producers", that the prices at which such sales made to "producers" on the date of exportation are no higher than the invoice prices.

In this connection it should be noted that this statement appeared on the invoices at the time the appraiser examined the merchandise and regardless of this statement he appraised the merchandise as entered. In view of the fact that this statement was before the appraiser at and before he made his appraisement, it is clear that he either found this statement to be in error, or that there was no home consumption tax applicable to this merchandise, or, if there was a home consumption tax or taxes, the home market prices plus the tax or taxes were not as high as the export values. Both invoices bear the notation in red ink: "Basis of appraisal (Export Value)."

When the plaintiff filed this appeal it assumed the burden of establishing every element of value specified in section 402 of the act of 1930. The evidence offered fails to overcome the presumptively correct values found by the appraiser. I therefore find the proper dutiable export values of the merchandise covered by these two appeals to be the values found by the appraiser. Judgment will be rendered accordingly.